FILED
2026 Apr-16  PM 12:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNIVERSAL FAIRS, LLC d/b/a ALABAMA STATE FAIR, | * | |
| | * | |
| PLAINTIFF, | | |
| | * | |
| V. | | CASE NO.: _____ |
| | * | |
| KISSEL ENTERTAINMENT, LLC d/b/a ALABAMA FAIR AND FIESTA, | * | JURY DEMAND |
| | | |
| DEFENDANT. | | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND INJUNCTIVE RELIEF

Plaintiff Universal Fairs, LLC d/b/a Alabama State Fair ("Plaintiff" or "Universal"), by and through undersigned counsel, files this Complaint against Defendant Kissel Entertainment, LLC d/b/a Alabama Fair & Fiesta ("Defendant" or "Kissel"), and alleges as follows:

### I. INTRODUCTION

1.      This is a civil action for trademark infringement, false designation of origin, common law trademark infringement, injunctive relief and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

2.      Plaintiff seeks monetary damages as well as injunctive relief to stop Defendant's unauthorized and willful infringement of Plaintiff's federally registered "ALABAMA STATE FAIR" trademark in connection with Defendant's identically-styled fair and festival event, the "Alabama Fair & Fiesta," which opened on April 9, 2026.

### II. PARTIES

3.      Plaintiff Universal Fairs, LLC is a Tennessee Limited Liability Company with a principal place of business located at 12500 Highway 64, Eads, Tennessee 38028. Plaintiff is

1

registered to do business in Alabama and its registered office address is 2527 College Street, Montgomery, Montgomery County, AL 36111.

4.      Kissel Entertainment, LLC is a limited liability company formed in Ohio with its principal address located at 17606 US Hwy 31 N, Clanton, Chilton County, Alabama 35045. Kissel's registered agent is Russell Kissel, who may be served with service of process at 17606 US Hwy 31 N, Clanton, Chilton County, Alabama 35045.

## III. JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367(a) because this action arises under the trademark laws of the United States.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in Clanton, Chilton County, Alabama, which is located within this judicial district.

7.      This Court has personal jurisdiction over Kissel because, as set forth below, Kissel conducts business and is engaged in commerce within, and has committed the subject wrongful acts in the State of Alabama.

## IV. FACTUAL ALLEGATIONS

**A.      Plaintiff's Valid and Registered Trademark**

8.      Plaintiff Universal Fairs, LLC was formed in the State of Tennessee on June 4, 2008.

9.      Plaintiff holds U.S. Trademark Registration No. 7,123,254 for the standard character mark "ALABAMA STATE FAIR" (the "Mark"):

## ALABAMA STATE FAIR

2

10.     The Mark was registered on July 25, 2023, and has been in continuous use in commerce since July 31, 2008.

11.     Registration of the Mark covers Class 41 services, specifically for: "Organizing community festivals featuring primarily animal exhibitions, conducting contests, live music performances, live entertainment in the nature of games featuring games of chance, games of skill, and carnival games, dance performances, and amusement park rides and also providing food and drink".

12.     Plaintiff has invested significant time, effort, and money into developing the Mark as a source indicator, acquiring substantial goodwill and market recognition.

13.     Plaintiff has acquired distinctiveness in the Mark by continuously marketing and advertising the "Alabama State Fair" in the same marketplace, Birmingham, Alabama metro area, since 2008.

14.     These marketing and advertising efforts include, but are not limited to, radio and television advertisements, billboards, pamphlets, websites, social media accounts, signage and promotional activities.

15.     Over the past five years, Plaintiff has spent approximately $300,000 annually on advertisements and marketing for the "Alabama State Fair."

16.     Additionally, attendance for Plaintiff's two "Alabama State Fair" events over the past five years is approximately 80,000 guests per year.

17.     The Mark's acquired distinctiveness is further supported by the many instances of actual confusion described in detail below.

18.     From approximately 2008 until 2018, Plaintiff held the Alabama State Fair at what was formerly The Oak Mountain Amphitheatre in Pelham, Alabama[1].

19.     In 2019, Plaintiff relocated the Alabama State Fair to the Birmingham Race Course and the fair continues to be held there.

20.     For approximately the last five (5) years, Plaintiff has held two (2) fairs per year (in the Spring and Fall) at the Birmingham Race Course, under the name "Alabama State Fair" annually.

21.     For at least the last two (2) consecutive years, Plaintiff has held its Alabama State Fair in late March to mid-April. In 2026, the Alabama State Fair dates are/were April 10, 2206 to April 19, 2026.

**B.     Defendant's Infringing Activities**

22.     Upon information and belief, Defendant Kissel Entertainment, LLC operates amusement rides and other attractions in connection with traveling fairs, carnivals, fairs, and other events.

23.     Upon information and belief, Defendant was aware of Plaintiff's long-term use of "Alabama State Fair" prior to April 2026.

24.     In April 2026, Defendant premiered and began aggressively marketing a new event "Alabama Fair & Fiesta" at the former Oak Mountain Amphitheatre, 1000 Amphitheatre Drive in Pelham, Alabama.

---

[1] The Oak Mountain Amphitheatre in Pelham, AL, a former 10,500-seat venue that opened in 1986, was demolished in May 2025. Live Nation closed the venue and the 43-acre site was acquired by the City of Pelham for redevelopment. https://www.wbrc.com/2026/01/06/whats-next-former-oak-mountain-amphitheatre-site-2026/

25.    Defendant's location for the newly formed Alabama Fair & Fiesta was held at the same location Plaintiff held its Alabama State Fair from approximately 2008 until 2018 (see paragraph 14 above).

26.    The Parties are operating simultaneously in the same marketplace.

27.    The distance between Plaintiff's site for the Alabama State Fair and Defendant's Alabama Fair & Fiesta is approximately twenty-two (22) miles.

28.    Defendant is using the identical dominant terms "Alabama" and "Fair" to advertise services that are essentially identical to Plaintiff's registered services, including offering more than 100 attractions, rides, games, a circus, and traditional fair food.

29.    Defendant's "Alabama Fair & Fiesta" is scheduled to run from April 9, 2026, to April 19, 2026; almost the exact same dates as Plaintiff's Alabama State Fair (April 10-19) (see paragraph 16 above).

30.    On April 9, 2026, Plaintiff's counsel sent Defendant a Cease and Desist letter via overnight mail and email, demanding the immediate removal of all signage, advertisements, promotions and marketing materials utilizing the confusingly similar name "Alabama Fair & Fiesta."

31.    Despite this notice, Defendant has refused to halt its infringement. As of today, April 15, 2026, Defendant's website prominently advertises the "Alabama Fair & Fiesta" as "NOW OPEN".

**C.    Actual Confusion**

32.    Notably, on Saturday April 11, 2026, Plaintiff began to experience numerous instances of actual confusion in the marketplace.

33.    Plaintiff's General Manager, Jan Hamilton, has personally witnessed **thirty to forty instances of actual consumer confusion** occurring during the concurrent operation of the parties' fairs in the same geographic market.  (***Exhibit A***).

34.    Specifically, Ms. Hamilton personally witnessed 30-40 customers come to Alabama State Fair who had mistakenly purchased tickets to Alabama Fair & Fiesta, but arrived at the Alabama State Fair because they thought they had purchased tickets to the Alabama State Fair. *Id.*

35.    In addition, Ms. Hamilton witnessed several customers whom arrived at the Alabama State Fair to meet with friends only to learn that they were at the wrong fair.  *Id.*

### V. CAUSES OF ACTION

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

36.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37.    Defendant's unauthorized use of "Alabama Fair & Fiesta" in commerce for a festival identical in nature to Plaintiff's protected services is likely to – and has actually caused – confusion, mistake, and deception among consumers as to the source, sponsorship, or affiliation of the event.

38.    Defendant's infringement is willful, deliberate, and intended to trade upon the established goodwill of Plaintiff's "ALABAMA STATE FAIR" mark.

39.    Kissel is not affiliated or associated with Universal or its products or services, and Universal does not approve or sponsor Kissel, Kissel's products or services, or the marketing in US commerce of Kissel's products of services.

40.    Kissel's actions have caused, and will continue to cause, irreparable harm to Universal unless permanently enjoined.

41.    Kissel's actions are causing and will cause Universal monetary damage in amounts presently unknown but to be determined at trial. Universal is entitled to any profits made by Kissel in connection with its infringing activities.

42.    Kissel's infringement of the registered Mark is deliberate, willful, and without extenuating circumstances, and constitutes a knowing use of the Mark. Kissel's infringement is thus an "exceptional case" within the meaning of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). Universal is therefore entitled to recover three times the amount of its actual damages and the attorney's fees and costs incurred herein, and prejudgment interest.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### (15 U.S.C. § 1125(A))

43.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

44.    Defendant's willful and intentional use of a name confusingly similar to the Mark in commerce is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Kissel with Universal, or as to the origin, sponsorship, or approval of Kissel's products or services by Universal.

45.    Defendant's actions violate Lanham Act § 43(a), 15 U.S.C. § 1125(a).

46.    Defendant's actions have caused, and will continue to cause, irreparable harm to Universal unless permanently enjoined.

47.    Kissel's actions are causing and will cause Universal monetary damage in amounts presently unknown but to be determined at trial. Universal is entitled to any profits made by Kissel in connection with its unfair competition.

48.    Defendant's unfair competition is deliberate, willful, and without extenuating circumstances. Defendant's unfair competition is thus an "exceptional case" within the meaning

7

of section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). Plaintiff is therefore entitled to recover three times the amount of its actual damages and the attorney's fees and costs incurred in this action, as well as prejudgment interest.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

49.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

50.    Plaintiff owns valid common law rights in the Mark.

51.    There is a likelihood of confusion between the Mark and Defendant's use of "Alabama Fair & Fiesta."

52.    Plaintiff is likely to suffer harm from the knowing and intentional use "Alabama Fair & Fiesta" and other similar thereto by Defendant in such a manner as is likely to and has caused confusion and deceived the public into the mistaken belief that Defendant's services and business are those of Plaintiff.

53.     Defendant's actions have caused, and will continue to cause, irreparable harm to Plaintiff unless permanently enjoined.

54.    Defendant's conduct is causing and will cause Plaintiff monetary damage in amounts presently unknown but to be determined at trial. Plaintiff is also entitled to any profits made by Defendant in connection with its conduct.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Universal Fairs, LLC respectfully requests that this Court enter judgment in its favor and against Defendant an provide the following relief:

1.    An order preliminarily and permanently enjoining Defendant, its officers, agents, and employees, attorneys, and all others in active concert or participation with them:

8

      a.     from using the Mark and any mark confusingly similar thereto, including "Alabama Fair & Fiesta," and other marks similar thereto, whether alone or in combination with the other words or designs, as trademarks, service marks, trade name components, or otherwise;

      b.     to immediately remove all physical signage, advertisements and marketing materials bearing "Alabama Fair & Fiesta";

2. Requiring Defendant to pay over to Plaintiff all damages sustained by Plaintiff, and all profits earned by Defendant;

3. Increase the amount of damages and/or profits awarded Plaintiff as appropriate pursuant to 15 U.S.C. § 1117(a).

4. Award Plaintiff actual damages, disgorgement of Defendant's profits, and treble damages due to the willful nature of the infringement;

5. Award Plaintiff its reasonable attorneys' fees, costs, expenses, and interest pursuant to 15 U.S.C. § 1117(a), and other applicable law, including in Title 8, Chapter 12, Article 2, of the Alabama Code; and

6. Grant such other and further relief as the Court deems just and proper.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Respectfully submitted,


/s/ *Michael J. Douglas*
Michael J. Douglas   ASB2888C52D
LEAK, DOUGLAS & MORANO, PC
The John A. Hand Building
17 20th Street North, Suite 200
Birmingham, AL 35203
205.977.7099
mdouglas@leakdouglas.com

*Attorney for Plaintiff Universal Fairs, LLC
d/b/a Alabama State Fair*