FILED
2026 Jun-22 AM 08:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISIONS**

| | |
|---|---|
| **UNIVERSAL FAIRS, LLC d/b/a ALABAMA STATE FAIR,** | |
| **Plaintiff,** | |
| **vs.** | **CASE NO.: 2:26-cv-00634-NAD** |
| **KISSEL ENTERTAINMENT, LLC,** | |
| **Defendant.** | |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

Defendant, Kissel Entertainment, LLC ("Defendant" or "Kissel") hereby responds to the allegations contained in Plaintiff's Complaint for Trademark Infringement and Injunctive Relief as follows:

### INTRODUCTION

1. Admit that Plaintiff's claims are for trademark infringement, false designation of origin, common law trademark infringement, injunctive relief and unfair competition. Defendant, however, denies that any of these claims are valid.

2. Admit that Plaintiff seeks monetary damages and injunctive relief. Deny that Defendant infringed any valid mark allegedly owned by Plaintiff, deny that the Alabama Fair & Fiesta is identically styled to the Alabama State Fair, and deny that Plaintiff is entitled to any relief.

### PARTIES

3. Defendant lacks sufficient information to admit or deny this allegation.

4. Admit.

## JURISDICTION AND VENUE

5. Admit.

6. Admit.

7. Admit that the Court has personal jurisdiction, but deny that Kissel has committed any wrongful acts.

## FACTUAL ALLEGATIONS

8. Defendant lacks sufficient information to admit or deny this allegation.

9. Defendant lacks sufficient information to admit or deny this allegation.

10. Defendant lacks sufficient information to admit or deny this allegation.

11. Defendant lacks sufficient information to admit or deny this allegation.

12. Defendant lacks sufficient information to admit or deny this allegation as it relates to the time, effort and money expended by Plaintiff. Defendant denies that the alleged mark is a source indicator, has acquired substantial goodwill, or has acquired market recognition.

13. Denied.

14. Defendant lacks sufficient information to admit or deny this allegation.

15. Defendant lacks sufficient information to admit or deny this allegation.

16. Defendant lacks sufficient information to admit or deny this allegation.

17. Denied.

18. Defendant lacks sufficient information to admit or deny this allegation.

19. Defendant lacks sufficient information to admit or deny this allegation.

20. Defendant lacks sufficient information to admit or deny this allegation.

21. Defendant lacks sufficient information to admit or deny this allegation.

22. Admit.

23. Denied.

24. Admit.

25. Defendant lacks sufficient information to admit or deny this allegation.

26. Denied.

27. Admit.

28. Denied.

29. Admit.

30. Admit that such a letter was sent but deny that the contents of the letter had any validity.

31. Admit that Defendant did not change its name but deny that it was in any way infringing on and valid mark allegedly owned by Plaintiff.

32. Defendant lacks sufficient information to admit or deny this allegation.

33. Defendant lacks sufficient information to admit or deny this allegation.

34. Defendant lacks sufficient information to admit or deny this allegation.

35. Defendant lacks sufficient information to admit or deny this allegation.

## CAUSES OF ACTION

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

36. Defendant repeats and incorporates by reference its responses to the previous Paragraphs of the Complaint as if fully set forth at length herein.

37. Denied.

38. Denied.

39. Admit.

40. Denied.

41. Denied.

42. Denied.

**COUNT II**
**FALSE DESIGNATION AND UNFAIR COMPETITION**

43. Defendant repeats and incorporates by reference its responses to the previous Paragraphs of the Complaint as if fully set forth at length herein.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

**COUNT III**
**COMMON LAW TRADEMARK INFRINGEMENT**

49. Defendant repeats and incorporates by reference its responses to the previous Paragraphs of the Complaint as if fully set forth at length herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

**PRAYER FOR RELIEF**

Plaintiff's claims are legally and factually deficient. As a result, Defendant denies that Plaintiff is entitled to any of its requested relief.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

**Second Affirmative Defense**

Plaintiff's claims are barred by laches.

**Third Affirmative Defense**

Plaintiff claims are barred by the doctrine of descriptive fair use.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend this Answer if additional defenses are discovered during the course of discovery.

**COUNTERCLAIM**
**(Declaratory Judgment of Invalidity Pursuant to 15 U.S.C. § 1119)**

Counterclaimant Kissel Entertainment, LLC, ("Kissel") brings this counterclaim against Counterclaim Defendant Universal Fairs, LLC ("Universal") for a declaratory judgment that Universal's claimed Mark is invalid and due to be cancelled. Kissel hereby complains as follows:

55. Universal purports to hold U.S. Trademark Registration No. 7,123,254 for the standard character mark "ALABAMA STATE FAIR" (the "Mark").

56. Universal's registration specifically notes that "No claim is made to the exclusive right to use the following apart from the mark as shown: 'STATE FAIR.'"

57. The United States Patent and Trademark Office required the disclaimer of "STATE FAIR," because it is generic in the context of applicant's services.

58. The addition of Alabama to State Fair does not make the Mark any less generic.

59. ALABAMA STATE FAIR identifies what the event is—*e.g.* a state fair occurring in Alabama.

60. The Mark does not identify who offers the fair—*e.g.* Universal.

61. The Mark is, therefore, generic, and generic terms are not protectable.

62. In the alternative, the Mark is merely descriptive, and Universal cannot demonstrate that the Mark has achieved secondary meaning.

63. There are numerous fairs in the Alabama that use some combination of "Alabama" and "Fair," in their names.

64. Many of these fairs predate Universal's first staging of its Alabama State Fair.

65. There is simply no evidence that the claimed Mark has come to be associated with Universal.

66. As a result, Kissel is entitled to a judgment declaring that Universal's claimed Mark is not protectable, and an order instructing the United States Patent and Trademark Office to cancel the Mark.

**PRAYER FOR RELIEF**

WHEREFORE, Kissel respectfully prays for the following judgment and relief:

A. Dismissal of Universal's Complaint with prejudice and the entry of judgment in favor or Kissel;

B. An order declaring that Kissel has not infringed the claimed Mark;

C. An order declaring that the claimed Mark is invalid, and ordering the United States Patent and Trademark Office to cancel the claimed Mark;

D. An order awarding Kissel its reasonable attorneys' fees, costs, expenses and interest; and

E. Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Defendant/Counterclaim Plaintiff demands a trial by struck jury for all claims properly tried to a jury.

Respectfully submitted this 22nd day of June 2026.

*s/Cole R. Gresham*
Cole R. Gresham
**STARNES DAVIS FLORIE LLP**
100 Brookwood Place, Seventh Floor
Birmingham, Alabama 35209
205-868-6000 (Phone)
205-868-6099 (Fax)
*cgresham@starneslaw.com*

**Attorney for Kissel Entertainment, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026, I filed the foregoing with the Clerk of the Court via the electronic filing system, which will send notification to all counsel of record.

*s/ Cole R. Gresham*
Cole R. Gresham