FILED
2026 Jul-13 PM 03:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNIVERSAL FAIRS, LLC d/b/a ALABAMA STATE FAIR, | * | |
| | * | |
| PLAINTIFF/ COUNTERCLAIM DEFENDANT, | * | |
| V. | * | CASE NO.: 2:26-cv-634-AMM |
| KISSEL ENTERTAINMENT, LLC d/b/a ALABAMA FAIR AND FIESTA, | * | |
| | * | |
| DEFENDANT/ COUNTERCLAIM PLAINTIFF. | * | |

**ANSWER TO COUNTERCLAIM**

COMES NOW Plaintiff/Counterclaim Defendant Universal Fairs, LLC d/b/a Alabama State Fair ("Plaintiff" or "Universal"), and for its Answer to Defendant/Counterclaim Plaintiff Kissel Entertainment, LLC d/b/a Alabama Fair and Fiesta's ("Defendant" or "Kissel") Counterclaim states as follows:

**COUNTERCLAIM**

**Declaratory Judgment of Invalidity Pursuant to 15 USC § 1119**

55. Universal admits the allegations contained in Paragraph 55 of the Counterclaim. Universal holds U.S. Trademark Registration No. 7,123,254 for the standard character mark "ALABAMA STATE FAIR".

56. Universal admits that its registration notes, "No claim is made to the exclusive right to use the following apart from the mark as shown: 'STATE FAIR'". Universal denies any remaining allegations or legal conclusions contained or implied in Paragraph 56.

57. Universal admits that the United States Patent and Trademark Office required a disclaimer for "STATE FAIR" apart from the mark as shown. Universal denies any remaining allegations or legal conclusions contained in Paragraph 57.

58. Universal denies the allegations contained in Paragraph 58 of the Counterclaim.

59. Universal denies the allegations contained in Paragraph 59 of the Counterclaim.

60. Universal denies the allegations contained in Paragraph 60 of the Counterclaim.

61. Universal denies the allegations and legal conclusions contained in Paragraph 61 of the Counterclaim.

62. Universal denies the allegations and legal conclusions contained in Paragraph 62 of the Counterclaim.

63. Universal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Counterclaim, and therefore denies the same.

64. Universal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Counterclaim, and therefore denies the same.

65. Universal denies the allegations contained in Paragraph 65 of the Counterclaim.

66. Universal denies the allegations and legal conclusions contained in Paragraph 66 of the Counterclaim, and specifically denies that Kissel is entitled to a declaratory judgment, cancellation of the Mark, or any other relief.

## GENERAL DENIAL

Universal denies each and every allegation of Kissel's Counterclaim not specifically admitted herein. Universal expressly denies that Kissel is entitled to any relief whatsoever under its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Universal asserts the following affirmative defenses to Kissel's Counterclaim, reserving the right to assert additional defenses as they become known through discovery:

1. The Counterclaim fails to state a claim upon which relief may be granted.

2. Universal's U.S. Trademark Registration No. 7,123,254 is valid and subsisting. Under 15 U.S.C. § 1057(b) and § 1115(a), the certificate of registration is *prima facie* evidence of the validity of the registered mark, Universal's ownership of the mark, and Universal's exclusive right to use the registered mark in commerce on or in connection with the services specified in the certificate. Kissel has failed to overcome this legal presumption.

3. Kissel's claims for equitable relief, including declaratory judgment and cancellation, are barred by the doctrine of unclean hands, as Kissel has willfully and intentionally infringed upon Universal's valid trademark rights despite having prior written notice.

4. Kissel's claims are barred in whole or in part by the defense of waiver.

5. Kissel's claims are barred by Kissel's acquiescence.

6. Kissel's claims are barred in whole or in part to the extent Kissel has failed to mitigate asserted damages.

7. Kissel's claims are barred in whole or in part by the doctrine of laches.

8. Kissel's claims are barred in whole or in part by the applicable statute or statutes of limitation.

9. Universal reserves the right to amend and/or supplement this Answer to add additional defenses as the same may become necessary and/or known.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Kissel's Counterclaim, Universal Fairs, LLC respectfully prays for the following relief:

A. That Kissel's Counterclaim be dismissed in its entirety, with prejudice, and that Kissel take nothing thereby;

B. That the Court deny all relief requested by Kissel in its Prayer for Relief;

C. That the Court enter judgment in favor of Universal on all counts of Universal's original Complaint;

D. That Universal be awarded its costs, expenses, and reasonable attorneys' fees incurred in defending against this Counterclaim; and

E. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*<u>/s/ Michael J. Douglas</u>*
Michael J. Douglas ASB2888C52D
LEAK, DOUGLAS & MORANO, PC
The John A. Hand Building
17 20th Street North, Suite 200
Birmingham, AL 35203
205.977.7099
mdouglas@leakdouglas.com

*Attorney for Plaintiff /
Counterclaim Defendant
Universal Fairs, LLC
d/b/a Alabama State Fair*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 13, 2026, a copy of the foregoing pleading and Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt to the parties at the addresses listed below or via electronic mail to any pro se party(ies).

*<u>/s/ Michael J. Douglas</u>*
Michael J. Douglas

cc:

Cole Gresham, Esq.
Starnes Davis Florie LLP
100 Brookwood Place, Seventh Floor
Birmingham, AL 35209
cgresham@starneslaw.com

*Attorney for Defendant/Counterclaim Plaintiff Kissel Entertainment, LLC*